United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-21042
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD GONZALEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-45
---------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:*

Ronald Gonzalez appeals his aggregate sentence of 135 months
of imprisonment following his guilty-plea convictions for six
counts of distribution of child pornography, in violation of
18 U.S.C. § 2252A(a)(2)(B) and (b)(1), and two counts of
possession of child pornography involving the sexual exploitation
of minors, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and
(b)(2), 2256(8)(A)-(C).  On appeal, Gonzalez argues that his
sentence is unreasonable because the district court relied only

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on the sentencing range calculated under the Sentencing Guidelines and failed to consider the other sentencing factors of 18 U.S.C. § 3553(a).

The Government argues that Gonzalez's appeal is a challenge to the district court's refusal to impose a requested "non-Guidelines sentence"; the Government asserts that the district court's refusal constitutes the denial of a motion for downward departure and, as such, it is unreviewable. Gonzalez, however, makes it clear that he is challenging the reasonableness of the guidelines sentence that the district court ultimately imposed.

We review sentences imposed for "unreasonableness." United States v. Mares, 402 F.3d 511, 518 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). A sentence within a properly calculated guidelines range is presumed reasonable. United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Gonzalez does not challenge the calculation of the guidelines range; he argues that his sentence is not reasonable because the district court failed to consider all of the factors of § 3553(a). Our review of the record persuades us that these factors were raised and properly considered by the district court at sentencing. Gonzalez has not rebutted the presumption that the guidelines sentence was reasonable.

AFFIRMED.